UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

```
KAREN TEAMER                          *      CIVIL ACTION

versus                                *      NO. 06-9905

LEXINGTON INSURANCE COMPANY and       *      SECTION "F"
HULL INSURANCE COMPANY, INC.
```

ORDER AND REASONS

Before the Court is Karen Teamer's motion to remand. For the reasons that follow, the motion is DENIED.

Background

Karen Teamer bought a homeowners policy worth $180,000 for coverage on her New Orleans home from Lexington Insurance Company. Hull & Company is a wholesale broker that operates as a program administrator for Lexington Insurance Company and has no contact with customers. Teamer claims that on the advice of Hull, she bought minimal coverage for flood damage. She claims that Hull failed to inform her that her homeowners' policy would not cover all damage by a hurricane. However, Hull merely quotes and binds coverage and issues policies to designated retail producers on behalf of Lexington. It does not communicate with policy applicants and does not receive any policy premiums directly from the applicant.

1

Hurricane Katrina damaged Teamer's home and she filed a claim under her homeowner's policy. The parties dispute the damages caused by wind versus flood water, and also dispute what coverage is available under the policy. Teamer filed a lawsuit in state court on August 28, 2006, naming Lexington and Hull, asserting she was entitled to payment for the value of the homeowners policy, plus state law penalties. She also argued that Hull was liable for negligence in procurement of insurance because it did not advise them of gaps in coverage between the flood and homeowners policies and that excess flood insurance was both necessary and available.

The defendants removed the case to this Court on November 13, 2006, invoking this Court's original diversity jurisdiction. They argue that Hull has been fraudulently joined as a defendant, and that, therefore, complete diversity exists between the parties. Teamer now moves to remand, arguing that neither defendant has met its burden to show that Hull has been improperly joined or that the amount-in-controversy requirement for diversity jurisdiction has been met.

I.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies. Common jurisdictional issues run

through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).

This case is no different.  In the state court petition, the majority of Teamer's allegations are directed at Lexington for "arbitrary and capricious" failure to pay damages under her homeowner's policy, primarily because the parties dispute whether the policy covers damage caused by both hurricane winds and flood waters.  One complaint is directed toward Hull.  Teamer alleges that Hull was negligent by failing to tell her whether flood insurance was available or necessary and failing to tell her that her homeowner's policy would not cover all hurricane damage.  But the record establishes that Hull has no communication between it and Lexington customers.  Given the legal duties of agents outlined in recent Orders of all Sections of this Court, the Court finds that Hull has met its burden in proving that Teamer has no possibility of recovery against it under Louisiana state law.

3

Another Section of this Court agrees.  See Frischhertz v. Lexington Ins. Co., 2006 WL 3228385 (E.D. La. Nov. 3, 2006)(Barbier, J.).

Because no claim against Hull exists, this Court finds that Hull has been fraudulently joined.  The remaining defendant is diverse from Teamer, which turns our eye to the subject of the amount in controversy.

II.

Defendants have thirty days from receipt of the initial pleading in which to remove a case from state court to federal court.  28 U.S.C. § 1446(b).  This general rule applies when the pleading "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."  Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992).  Teamer's petition, in conformity with Louisiana law, in this case was silent regarding damages.  When the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing party to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); see also De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).

Teamer's petition for damages does not indicate that any payments have been made by Lexington under the policy, stating that the "[d]efendant insurance companies have bad faith refused to pay

4

for all of the damage to plaintiff's property," and that she has "yet to receive a reasonable tender from the defendant." Teamer states that "[t]he extensive damage to the property caused by Hurricane Katrina rendered the property unable to be occupied and necessitated massive repairs." Additionally, Teamer demands state law penalties, which would apply automatically if an insurer is found liable of acting in bad faith in the claims-handling process. See La. R.S. 22:658; see also St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998). According to the Fifth Circuit, when a demand is made against an insurance policy up to its limits, statutorily allowed penalties and attorneys' fees should be used to determine the amount in controversy. See Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908, 911-12 (5th Cir. 2002)(citing St. Paul Reinsurance Co., 134 F.3d at 1253).

Adding Teamer's claim for damages for "massive repairs" under a $180,000 policy with the mandatory statutory penalties, Lexington can prove by a preponderance of the evidence that the claim is valued over $75,000, meeting the amount-in-controversy requirement for diversity jurisdiction.

Accordingly, the plaintiff's motion to remand is DENIED.

New Orleans, Louisiana, February 22, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE